## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL GALE ESTRADA**,<br>*A Moor, Executor for MICHAEL GALE*<br>*ESTRADA; MICHAEL ESTRADA;*<br>*MICHAEL GALE and any derivative* and<br>**ESTRADAEY ELECTRIC, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL RESERVE BANK AN**<br>**FEDERAL RESERVE CHAIRMAN**, *et*<br>*al.*,<br><br>Defendants. | Civil Action No. 21-cv-528 (TSC) |

## MEMORANDUM OPINION

Plaintiffs "Michael Gale Estrada, a Moor, Executor for Michael Gale Estrada, Michael Estrada, Michael Gale and any derivative thereof," along with Estradaey Electric, LLC bring this action against the Federal Reserve Bank and its Chairman, Jerome Powell in both his official and individual capacities.

Among other deficiencies, Plaintiffs' fifty-five-page Complaint contains no numbered paragraphs, as required by Federal Rule of Civil Procedure 10(b). More importantly, the legal basis of Plaintiffs' complaint is unclear. For example, Plaintiff Estradaey Electric complains, without any supporting facts, that it was unable to obtain financing due to alleged discrimination. ECF No. 1, Compl. p. 49.[1] Plaintiffs collectively allege that the Federal Reserve is artificially

---

[1] Plaintiffs did not number the pages in their Complaint. Therefore, page numbers throughout this Memorandum Opinion refer to those that the court's electronic filing system assigns.

keeping interest rates low, artificially depressing the price of gold and silver, purchasing junk bonds, bailing out corporations, and contributing to global warming. *Id.* pp. 19–21, 36–38, 42. Plaintiffs also claim that Defendants have "made the 'wealth gap' larger by flooding the stock markets with trillions of dollars of purchases of 'Corporate Bonds,' 'Junk Bonds,' and 'Market-backed securities' in violation of the Federal Reserve Act of 1913," and that the Federal Reserve's failure to back "reserve notes" with "precious metals such as gold or silver" violates Article 1, Section 10, Clause 1 of the United States Constitution[2] and the Federal Reserve Act of 1913. *Id.* pp. 18, 20–23, 31, 35, 37–38 50–55.

But Plaintiffs cite no legal authority or provision in the Federal Reserve Act supporting their claims. Indeed, "[t]he Supreme Court has consistently upheld Congress' power to choose coin, note or currency to serve as legal tender." *Linne v. Baker*, No. CIV.A. 85-3713, 1986 WL 9502, at *3 (D.D.C. Apr. 15, 1986), *aff'd*, 826 F.2d 129 (D.C. Cir. 1987); *see Holloway v. Netbank*, No. 12-2960-STA-TMP, 2014 WL 112029, at *6 (W.D. Tenn. Jan. 10, 2014) (noting that Section 10 of the Constitution acts only to "remove from the states the inherent sovereign power to declare currency, thus leaving Congress the sole declarant of what constitutes legal tender") (quoting *L.R. Nixon v. Phillipoff,* 615 F. Supp. 890 (N.D. Ind. 1985)). Even if Plaintiffs had identified alleged violations of specific provisions of the Federal Reserve Act, they have proffered no facts establishing that they have standing to bring their claims.

Plaintiffs also assert claims for negligence and intentional infliction of emotional distress but fail to proffer supporting facts. Compl. pp. 21–25. They seek damages, as well as an

---

[2] This provision of the Constitution provides that "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

injunction requiring "member banks" to erase the debt of Americans who earn less than $250,000.  Again, they assert no facts or legal basis supporting their demands for relief.  *See id.* pp. 55–56.

While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule 8(a) requirements ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive pleading, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material does not meet [Rule 8's] liberal pleading requirement."  *O'Diah v. Cordray*, No. CV 17-966 (UNA), 2017 WL 2735549, at *1 (D.D.C. June 23, 2017), *aff'd*, 707 F. App'x 5 (D.C. Cir. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 168, 174 (D.D.C. 2013).

Plaintiffs' Complaint fails to meet the standards set forth in Rule 8(a).  Accordingly, the court will dismiss this action without prejudice.


Date: July 13, 2021


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge